# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:05cr17-RH

LEONARD COLLINS, JR.,

      Defendant.

_____/

## ORDER APPROVING DETENTION ORDER

The government moved for detention of defendant Leonard Collins, Jr. prior to trial. The magistrate judge granted the motion. Mr. Collins now has moved for review of that ruling by the presiding district judge as authorized by 18 U.S.C. § 3145(b). I have reviewed the detention issue de novo.

I conclude that Mr. Collins should be detained because no condition or combination of conditions will reasonably assure the safety of the community. *See* 18 U.S.C. §3142(e) (requiring detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the

safety of any other person and the community").

The basis of the ruling is the evidence proffered by the government at the detention hearing. That evidence has not been contested or explained by Mr. Collins. The government's proffered evidence is that Mr. Collins became engaged in an argument at a night club at approximately 2:45 a.m., was approached by law enforcement officers, was not immediately compliant with their requests but did comply in fairly short order, and was found to have a loaded .357 handgun hidden in his waistband. Mr. Collins was a convicted felon. The possession of that gun is the basis of the pending indictment.

It is true, as Mr. Collins notes, that release on bail is available in appropriate circumstances for persons charged with violent crimes, including, for example, murder, and that Mr. Collins' alleged offense is much less serious. The issue is not, however, the seriousness of the offense with which a defendant is charged. The issue is danger to the community. The evidence against a person charged with murder may not be as strong as the evidence against Mr. Collins in the case at bar, and more importantly, a person who has murdered a business associate or family member may, in some circumstances, pose little risk to others; the motive for violence may have been eliminated. In the case at bar, in contrast, there is no reason to believe that Mr. Collins' conduct (if he did what the government says he

did, and the proffered evidence is strong) was prompted by a specific person or specific circumstance that has passed; there is, instead, every reason to believe that whatever prompted this conduct remains in place.

To be sure, the burden is not on Mr. Collins to defend the underlying substantive charge or even to explain the circumstances for purposes of the detention issue. The burden is, instead, on the government. But I can think of no explanation for carrying a loaded .357 in a waistband at a night club at this time of night on February 12, 2005, that would be consistent with a conclusion that the person does not still pose a substantial risk to the safety of the community just two or three months later. The only evidence proffered at the detention hearing—indeed, the only version of the facts argued by either side—is that Mr. Collins carried the firearm in his waistband, without explanation. In light of that evidence, no condition or combination of conditions would reasonably assure the safety of the community.[1]

For these reasons,

---

[1] No requirement for frequent reporting, nor even home detention with electronic monitoring, would eliminate the risk. These would, instead, simply provide earlier notice of a problem, perhaps allowing the probation officer to learn of any violence more quickly after it occurs.

IT IS ORDERED:

Defendant's motion (document 10) to revoke the detention order is DENIED. The defendant is ordered detained in accordance with the magistrate judge's detention order entered April 8, 2005 (document 8).

SO ORDERED this 19th day of April, 2005.

s/Robert L. Hinkle<br>
Chief United States District Judge